UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM PEREZ, *et al*., | ) | CASE NO. 5:15-cv-2642 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| LAW OFFICES OF JOHN D. CLUNK CO. L.P.A., *et al*., | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

### Introduction

*Pro se* plaintiffs William Perez and Alicia Ruitto have filed this fee-paid civil rights action against the Law Offices of John D. Clunk Co. L.P.A. ("the Clunk Law Firm"), Bayview Loan Servicing LLC ("Bayview"), Cuyahoga County Sheriff Department, and Nailah K. Byrd, Cuyahoga County Clerk of Courts (collectively, "the County"). Plaintiffs' complaint alleges federal civil rights violations and state-law tort claims in connection with a foreclosure action in state court wherein a judgment of foreclosure was entered in favor of Bayview against Ruitto regarding commercial property she owned located at 9613 Madison Avenue, Cleveland, Ohio (the Madison Avenue property). *See Bayview Loan Servicing, LLC v. Ruitto, et al*., No. CV-12-787650 (Cuyahoga Cnty. Comm. Pl. Ct.) (filed July 23, 2012).

In their complaint, plaintiffs challenge the validity of the mortgage loan that was the subject of the state foreclosure action in *Bayview*. They allege there was "fraud in the factum" in connection with the mortgage loan, and that they signed an unconscionable, unconstitutional, and

unenforceable contract. They allege defendants violated their federal civil rights under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and 18 U.S.C. §§ 241 and 242, and engaged in other tortious conduct under state law, in connection with the foreclosure on the Madison Avenue property. They seek $4.9 million in damages and "free and clear deed of the subject property."

On January 7, 2016, the County filed a motion to dismiss and for an order prohibiting vexatious litigation. (Doc. No. 3.) The Clunk Law Firm filed a motion to join the County's motion. (Doc. No. 5.) Bayview filed its own motion to dismiss on January 14, 2016. (Doc. No. 4.)

For the reasons stated below, defendants' motions are granted in part.

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Fed. R. Civ. P. 12(b)(6) provides for dismissal of cases for failure to state a claim upon which relief can be granted. To survive a dismissal under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## Discussion

All defendants contend that plaintiffs' complaint must be dismissed under the doctrine of res judicata because a federal court has already dismissed a prior complaint plaintiffs filed wherein they alleged, as they do here, federal civil rights violations in connection with the

foreclosure on the Madison Avenue property. *See William Perez, et al*. v. *Law Offices of John D. Clunk Co., L.P.A., et al.*, Case No. 1:15-cv-701 (N.D. Ohio) (filed April 9, 2015) ("*Perez I*").

After considering fully briefed motions to dismiss, Judge Polster dismissed *Perez I* in a written Memorandum of Opinion and Order dated July 20, 2015, ruling that plaintiff Perez lacked standing to bring an action to challenge foreclosure on the Madison Avenue property, and that Ruitto's claims were barred by the *Rooker-Feldman* doctrine and the doctrine of res judicata. He further ruled that the complaint failed to allege any viable federal claim for relief. (*See* Doc. No. 18, *Perez I*.)

"Pursuant to the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. U.S.*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)). For res judicata to apply, the following elements must be present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id*. (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

A comparison of the complaint in this case with the complaint in *Perez I* reveals that all the elements of res judicata are present. The July 20, 2015 decision dismissing *Perez I* constitutes a final decision on the merits by a court of competent jurisdiction. This subsequent action brought by plaintiffs involves the same parties, or their "privies," as *Perez I*.[1] In addition,

---

[1] The only party in this lawsuit that was not specifically named in *Perez I* is Cuyahoga County Clerk of Courts Nailah Byrd. The Court finds Byrd is in privity with the Cuyahoga County Sheriff's Department for purposes of res judicata because the only conceivable basis for the plaintiffs' naming her as a defendant in this case is that she is a

3

there is an identity of causes of action between the two cases. Plaintiffs assert the same federal civil rights and state-law claims in this lawsuit that they asserted in *Perez I*, and all the issues plaintiffs raise here were or could have been raised in *Perez I*.

Accordingly, this second, duplicative action filed by plaintiffs arising from the foreclosure on the Madison Avenue property is barred by the doctrine of res judicata and must be dismissed for failure to state a claim. *See Thompson v. U.S., Small Business Administration*, 8 F. App'x 547 (6th Cir. 2001) (affirming district court's dismissal of an action barred by res judicata on the basis that it failed to state a claim).

In addition to dismissal of plaintiffs' complaint, the Clunk Law Firm and the County seek an order declaring the plaintiffs vexatious litigators and imposing future pre-filing restrictions on them. The Clunk Law Firm and the County contend plaintiffs have engaged in improper and vexatious conduct by requiring them to defend multiple frivolous lawsuits challenging valid state foreclosures, including this case and *Perez I*. Although the Court will not impose sanctions on plaintiffs at this time, plaintiffs are hereby strongly cautioned that any future frivolous lawsuits they file in this district pertaining to settled state foreclosure proceedings may result in an imposition of sanctions.

---

county employee charged with responsibilities of some kind in connection with County foreclosure proceedings. Accordingly, her interests were adequately represented in the prior lawsuit by the Cuyahoga County Sheriff's Department, which also was presumably sued due to its responsibilities in connection with County foreclosures. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 43 F.3d 1054, 1069-70 (6th Cir. 1995) (a non-party to a prior lawsuit is considered sufficiently close to a party in a prior suit so as to justify preclusion if the non-party's interests were represented adequately by a party in the original suit).

### Conclusion

For the reasons stated above, defendants' motions (Doc. Nos. 3, 4, and 5) are granted to the extent they seek dismissal of plaintiffs' complaint. This case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: March 11, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**